NELSON v. NELSON et al.

The Statute of Limitations of Vermont deducts from the time fixed to sue on a judg-
ment, all the time the defendant may be absent from that State, unless he has left
attachable property to satisfy the judgment; and by the construction of the statute,
given to it by the Courts of that State, it means, that such attachable property must
be sufficient to satisfy the judgment.

Statutes of limitation do not act retrospectively; they do not begin to run until they
are passed, and consequently cannot be pleaded, until the period fixed by th●n has
fully run since their passage.

The Act of April 2, 1857, cannot be pleaded in an action brought in 1856, on a foreign
judgment obtained in 1847.

APPEAL from the District Court of the Fifth Judicial District,
County of Tuolumne.

This was an action brought April 28, 1856, by Wm. Nelson against
George Nelson and William Peach, administrator of William J. Nelson,
on a judgment obtained by the plaintiff in the State of Vermont against
George Nelson and William J. Nelson, in June, 1847. The defendants
plead the Statute of Limitations of the State of Vermont, as also that of
this State.

The case was tried on an agreed statement of facts, by which the
facts averred in the complaint are admitted, and by which it further
appears that William J. Nelson came to California in 1851, and resided
here till his death in October, 1855; and "that he was the owner of
known attachable property from the time he left the State of Vermont
till the date of his death, which he left, and which remained in Ver-
mont from the time he left till his death."

The Court below rendered judgment for plaintiff. Defendants ap-
pealed.

L. Quint for Appellants.

I. The judgment upon which plaintiff seeks to recover, was rendered
on the first Tuesday of June, A. D. 1847, in the County of Caledonia,
State of Vermont. The time within which an action could be com-
menced, is limited to eight years. Revised Statutes of Vermont, page
306, § 10. Then, by the Statute of Vermont, the right of action upon
this judgment was barred from and after the first Tuesday of June,
1855, unless, from the proof or facts in the case, the Court find some-
thing which prevented its running, or took it out of the operation of
the statute.

The deceased, Wm. J. Nelson, arrived in California from Vermont
on the 4th day of November, 1851; he remained here till the 27th day
of October, 1855, when he died intestate. At the time of his death,
eight years and some five months had elapsed since the rendition of
said judgment. Now, the question is, did the Statute of Vermont con-
tinue to run after he left that State until his death here? We say it

did. "He was the owner of known attachable property, from the time he left Vermont till the date of his death, which he left, and which remained in Vermont from the time he left till his death," on the 27th October, 1855. The statute begins to run as soon as the defendant is, either by his person or property, subject to original process. Dwight v. Clark, 7 Mass. R., 515; Byrne v. Crowninshield, 1 Pick. R., 263; Wilson v. Kontz, 7 Cranch, 202.

Then, as the statute never ceased to run in Vermont, from the time the cause of action accrued, this deceased was barred on the first Tuesday of June, 1855. Revised Stat. of Vermont, 306, § 14. Compiled Laws, 821, § 2.

II. It is, also, barred by the statute of California. The Act of the Legislature, passed April 2, 1855, (see Laws of 1855, p. 75,) limits the time for the commencement of an action upon a judgment of this kind, or foreign judgment, to two years; hence, the appellant is entitled to a judgment.

The cause of action accrued against the deceased as soon as he became a resident of this State, which was on the 4th day of November, 1851. Then, on the second day of April, 1855, by the passage of the Act of that date, this deceased was barred. But, says the counsel, this Act is unconstitutional—it impairs the obligation of contracts. Let us examine it with reference to this question. It does not impair the obligation of contracts here. The State of California never entered into any contract, either express or implied, with Vermont, that she would not pass and enact statutes of limitation, nor is there any such contract, express or implied, existing between the citizens of this and any other State. 2 Cal. R., 424; Charles River Bridge Co. v. Warren Bridge, 11 Peters, 420; Ang. on Limit., 20, § 12.

The Statute of Limitations does not extinguish the debt, but only bars the remedy. Ball. on Lim., 188; Quintook et al., Assignees, v. England, 5 Burr. R., 2630; Gustin v. Brattle, Kirby R., 303; Lord v. Sholer, 3 Conn., 131.

It affects the remedy and not the right. Jones, Adm'r, v. Hooks, Adm'r, 2 Rand., 303; Graves v. Graves, Adm'r, 2 Bibb, 207; Commonwealth v. McGowan, 4 Bibb, 63; Elmogle v. Cohen, 13 Pet., 327.

*Barber* for Respondent

I. By Compiled Laws, p. 818, § 17: Actions on a judgment or decree of any State may be commenced within five years.

By page 820, § 22: If, when the cause of action accrues, such party be out of the State, the action may be commenced within five years after his "return" to the State.

The word "return," in statutes of limitation, has invariably been held to include a first coming into a place, both in the Courts of England and the United States. Chitty on Con., 7 Am. ed., 809, note 1; 1 Pick., 263, note.

And by Compiled Laws, p. 815, § 2: Where the cause of action had

already accrued, the party had, after the passage of the Act, the whole time prescribed, five years, in which to commence suit.

It will, therefore, be perceived, that plaintiff had five years after the arrival of defendant in this State, November, 1851, or until November, 1856, to commence suit. Suit was commenced in February, 1856. The suit, then, was brought far within the time prescribed, and is well brought, unless there be some other answer to it. But,

II. It is contended that the Act of 1855, passed April 2d, providing that an action upon any judgment obtained out of this State, "can only be commenced within two years from the time the cause of action has accrued, or shall accrue," is a bar to this action.

So much of this Act as refers to causes of action which have accrued, is clearly unconstitutional, as impairing the obligation of contracts. Art. 1, § 10, Con. U. S.; Art. 1, § 16, Con. Cal.

The Act is clearly unconstitutional as to those cases, as this, in which the limitation of two years therein specified, had expired previous to the passage of the Act. Bronson v. Kinzie, 1 Howard U. S., 111; ibid., Holcombe's Leading Cases, 475; 15 Curtis, 608; 20 ib., 296; Curran v. State of Arkansas, 20 Curtis, 538; 12 Wendell, 490; Smith v. Morse, 2 Cal., 550; Thorne v. San Francisco, 4 Cal., 127; Smith's Com. on Common Law, 386, 392, 395, 406, 679.

The law is thus laid down in Smith's Commentary, 406: "The question has several times been under consideration, whether statutes of limitation to take effect instanter, and affecting existent antecedent rights, were in conflict with the Constitution, as impairing the obligation of contracts? Although ordinary statutes of limitation to actions are not within this clause, yet, if such a statute should be passed, which does not allow a reasonable time after the passing thereof for the commencement of suits on existing causes of action, such an Act would be unconstitutional.

III. Another point is raised by appellant, that the action is barred by the statement in the special verdict. "That the defendant was the owner of known attachable property from the time he left the State of Vermont till the date of his death, which he left, and which remained in the State of Vermont till his death as aforesaid."

To this several answers may be given—

1. It is a question not raised by the pleadings—it is without the issue—*dehors* the record, and as such, must be disregarded.

2. The expression in the special verdict, "known attachable property," falls far short of the language of the Vermont statute, "known property, which could, by the common and ordinary process of law, be attached." A defendant, who seeks to bring himself within the Statute of Limitations, a defence not favored by law, (6 Hill, N. Y., 223, 227,) without specially stating the facts, must bring himself within the precise letter of the statute. The language, "known attachable property," is altogether too indefinite.

3. Defendant must show that he left sufficient property attachable by the "common and ordinary process of law," to be available to the

creditor in payment of his debt, and that it was known to plaintiff, or that it was in such situation that he must reasonably be deemed to have known it. 5 U. S. Dig., 363, § 79; 9 ib., 322; 12 Vermont, 240; 15 ib., 727; 20 ib., 113; 10 Shepley, 156; 12 N. H., 271; 16 Pick., 359; 2 Barb., N. Y., 309; 2 Hill, ib., 134.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Chief Justice MURRAY concurred.

The statement of facts is insufficient to bring the claim sued on within the operation of the Statute of Limitations of the State of Vermont. That Act bars a claim like this in eight years; but it deducts from this fixed period all the time of the defendant's absence from the State, unless he has left attachable property to satisfy the judgment. In the answer, there is no averment of the condition which allows the statute to continue running. But in the agreed statement of facts, it is shown that the defendant's intestate " was the owner of known attachable property, which he left in Vermont, and which remained there." Even if the issue warranted the admission of evidence which would justify this finding, it is insufficient to meet the demands of the Vermont statute; for according to the construction of it, given by the Courts of that State, it means that the defendant must have enough visible property to satisfy the demand of his creditor. Hill v. Bellows, 15 Vermont; Wheeler v. Brewer, 20 ib.; Boyce v. Hurd, 24 ib.

Nor is the claim barred by the limitation Act of this State. Statutes of limitation do not act retrospectively; they do not begin to run until they are passed, and our statute is not yet as old as the time which it fixes to bar a claim like this. Judgment affirmed.