[Civ. No. 15220. Third Dist. Apr. 23, 1976.]

EARL BLAKE, Plaintiff and Appellant, v.
GEORGE J. WERNETTE et al., Defendants and Respondents.

■

■

COUNSEL

Richard F. Mills for Plaintiff and Appellant.

Wilke, Fleury, Hoffelt & Gray and Philip R. Birney for Defendants and Respondents.

OPINION

THE COURT.*—Plaintiff appeals from a judgment of dismissal entered after the trial court sustained without leave to amend a demurrer to his cause of action for medical malpractice. The demurrer was sustained on the ground that the four-year statute of limitations prescribed by Code of Civil Procedure section 340.5[1] for medical malpractice actions had expired.

In January 1967, plaintiff was admitted to a Sacramento hospital where abdominal surgery was performed by his treating physicians, Doctors Wernette and Lawrence, the defendants in this action. Later that year, plaintiff brought suit against the hospital, alleging negligent post-operative treatment. This action was terminated the same year when plaintiff filed a dismissal with prejudice.

In September 1973, plaintiff instituted a second suit which named as defendants, Doctors Wernette and Lawrence ("defendants"), the hospital, and several lawyers. As against the hospital and the defendants, the complaint alleged negligence in performance of the 1967 operation and in post-operative care and treatment. The complaint also alleged that plaintiff did not discover the negligence of the hospital and the defendants until he underwent unrelated surgery in April 1973, at which time he was informed of facts that led him to file the present action within one year of his discovery. Plaintiff further alleged that the defendants had failed to disclose errors and omissions that were known or should have been known to them, and upon which the action was based.

---

*Before Puglia, P. J., Regan, J., and Janes, J.

[1]Section 340.5 was amended in 1975 to reduce the limitations period to three years.

■

Doctors Wernette and Lawrence demurred on the basis that both the one-year and four-year statutes of limitations alternatively specified by Code of Civil Procedure section 340.5 for medical malpractice actions had run. The trial court sustained the demurrer on the basis of the four-year provision in the statute.

Plaintiff raises two contentions applicable to the particular ground on which the trial court sustained the demurrer. ▮ First, he argues that section 340.5 was not intended to abrogate the judicially evolved rule that the statute of limitations in medical malpractice actions does not begin to run until the plaintiff discovers, or should have discovered, his injury. (See *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 185 [98 Cal.Rptr. 837, 491 P.2d 421].)

As enacted in 1970, section 340.5 read in relevant part as follows: "In an action for injury or death against a physician or surgeon . . . or a licensed hospital as the employer of any such person, based upon such person's alleged professional negligence, or for rendering professional services without consent, or for error or omission in such person's practice, [the statute of limitation is] four years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever first occurs. This time limitation shall be tolled for any period during which such person has failed to disclose any act, error, or omission upon which such action is based and which is known or through the use of reasonable diligence should have been known to him."

No California court to date has expressly decided whether the judicially developed "discovery rule" relied upon by plaintiff has been qualified by the enactment of section 340.5. Nevertheless, a common-sense construction of the statute was suggested by the California Supreme Court in *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand, supra,* 6 Cal.3d at page 181: "Medical malpractice, formerly classified under the one-year limit of [Code of Civil Procedure] section 340, now falls under a separate statute of limitations in section 340.5, which provides for a one-year period of limitation from discovery of the cause of action, but bars any action filed more than four years from date of injury." A straightforward construction was also given section 340.5 in *Balido* v. *Improved Machinery, Inc.* (1972) 29 Cal.App.3d 633, 642 [105 Cal.Rptr. 890], wherein the court noted: "In areas where the problem of time, change, and causation has proved particularly troublesome the Legislature has provided the courts with arbitrary mechanical solutions,

often in the form of statutes of limitation. These statutes . . . in effect terminate substantive liability by decreeing that after the passage of a specified time the causal connection between the defect and injury will no longer be legally recognized." The court cited section 340.5 as an example of such a statute. (*Ibid.*; see also 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 317, pp. 1160-1161.)

The foregoing decisions suggest a construction of section 340.5 that adheres to the rule that legislative intent must be ascertained from the language of the statute; if the language is clear, there can be no room for interpretation. (*Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 344, 353-354 [139 P.2d 908]; *Hennigan* v. *United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 7 [125 Cal.Rptr. 408].) It is assumed that the Legislature, in enacting new legislation, has in mind existing related laws. (*People* ex rel. *Thain* v. *City of Palo Alto* (1969) 273 Cal.App.2d 400, 406 [78 Cal.Rptr. 240].) A plain reading of the language of section 340.5 compels the conclusion that the judicially declared "discovery rule" previously applied to actions for medical malpractice under the former statute of limitations is now subject to the outer time limitation imposed on substantive liability by that section. We therefore reject plaintiff's first contention.

Plaintiff also contends that the question whether the four-year limitation period was tolled by defendants' failure to disclose their alleged omissions was one of fact which was inappropriate for determination by general demurrer.[2] This contention has merit.

When a plaintiff relies on an estoppel against the assertion of the statute of limitations, the sufficiency of the allegations of estoppel may be tested by a general demurrer. (*Gamboa* v. *Atchison, Topeka & Santa Fe Ry. Co.* (1971) 20 Cal.App.3d 61, 68 [97 Cal.Rptr. 471]; *Fleishbein* v. *Western Auto S. Agency* (1937) 19 Cal.App.2d 424, 429 [65 P.2d 928].) Once it is determined that the elements of an estoppel have been sufficiently pleaded, however, the question whether the statute of limitations is tolled by the conduct of the defendant is one of fact which should be left for resolution by a jury and not determined upon general demurrer. (See, e.g., *Ramey* v. *General Petroleum Corp.* (1959) 173

---

[2]As originally enacted, section 340.5 provided for tolling of the time limitation for any period during which a defendant failed to disclose an error or omission upon which the action was based and that was known or should have been known to him. Plaintiff's first amended complaint alleges such nondisclosure by defendants in the language of section 340.5.

Cal.App.2d 386, 400 [343 P.2d 787]; *Fleishbein* v. *Western Auto S. Agency, supra,* 19 Cal.App.2d at p. 429.)

Plaintiff's amended complaint alleged that after surgery for an unrelated condition in 1973, he was informed of medical findings which prompted him to seek legal advice and to review previous medical records, which led in turn to the filing of the present action within one year. The complaint also alleged, in the language of the tolling provision of section 340.5, that "defendants failed to disclose the . . . acts, errors and omissions upon which this action is based and which [were] known or through the use of diligence should have been known to said defendants." These allegations were sufficient to preserve a jury question on the tolling issue (see *Bowman* v. *McPheeters* (1947) 77 Cal.App.2d 795, 799 [176 P.2d 745]), although the complaint may have been susceptible to a special demurrer for uncertainty. (Code Civ. Proc., § 430.10, subd. (f).) As against a general demurrer, there were sufficient facts alleged to require the trial court, in sustaining the demurrer, to permit plaintiff to amend to set up any additional facts deemed material to the tolling issue. (*Wohlgemuth* v. *Meyer* (1956) 139 Cal.App.2d 326, 330 [293 P.2d 816].)

We conclude, therefore, that the trial court erred in sustaining without leave to amend the general demurrer based on the four-year statute of limitations formerly prescribed by section 340.5.

The judgment of dismissal is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.