[Civ. No. 50578. Second Dist., Div. Two. Sept. 20, 1977.]

KENNETH HOWARD SCOTT, a Minor, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

I. Alfred Breckler and Gerald Goldfarb for Plaintiff and Appellant.

John H. Larson, County Counsel, and Gregory Houle, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**COMPTON, J.**—On or about July 14, 1975, Joyce Scott the mother of Kenneth Scott, a minor (hereinafter petitioner) filed a claim as required by Government Code section 945.4 with the County of Los Angeles (County) alleging that the negligence of personnel at the Los Angeles County General Hospital, in failing to properly administer oxygen to Kenneth at the time of his birth in 1960, resulted in his being severely and incurably retarded.

The claim was denied by operation of law[1] effective approximately August 29, 1975. Petitioner was notified of the fact by his letter dated September 2, 1975, and signed by an investigator in the office of the Los Angeles County Counsel. This letter did not contain the warning required by Government Code section 913, subdivision (b).[2]

For some unexplained reason petitioner, instead of filing her complaint in the superior court, filed a "new" claim on March 5, 1976. This claim alleged that the negligence of the County consisted of a failure to administer Vitamin K to the newborn infant and that failure was the result of Kenneth's retardation.

The County treated this "new" claim as an application to file a late claim pursuant to Government Code section 911.4,[3] and rejected it. The

---

[1]Government Code section 912.4 requires the board of supervisors to act on a claim within 45 days. If no action is taken the claim is deemed to have been denied as of the time of the expiration of the 45-day period.

[2]Government Code section 913, subdivision (b), provides: "If the claim is rejected in whole or in part, the notice required by subdivision (a) shall include a warning in substantially the following form: [¶] 'WARNING [¶] 'Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. [¶] 'You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.' "

[3]Government Code section 911.4 provides:

"(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim.

"(b) The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) of this chapter within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application. In computing the one-year period under this subdivision, time during which the person who sustained the alleged injury, damage, or loss is a minor shall be counted, but the time during which he is mentally incapacitated and does not have a guardian or a conservator of his person shall not be counted."

notice of rejection carried the warning required by Government Code section 911.8[4] describing the procedures to be followed in seeking permission to file a late claim.

The petitioner then sought relief in the superior court pursuant to Government Code section 946.6 by filing a petition on May 10, 1976. That petition was denied on July 20, 1976. Petitioner filed her complaint for damages on October 27, 1976. This appeal is from the order denying the petition for relief under Government Code section 946.6.

We conclude that the procedure under consideration, i.e., the petition for permission to file a late claim, was a redundancy and that the way is now and has been open to petitioner to pursue her complaint filed on October 27, 1976. However, because of the possibility that the trial court would treat the order under appeal as a bar to further action, we deem it necessary to discuss the issues raised in order to guide the trial court in future proceedings.

A claim for personal injury against a governmental entity must be filed within 100 days after the accrual of the cause of action. (Gov. Code, § 911.2.) The cause of action for these purposes is deemed to have accrued according to the applicable statute of limitations. (Gov. Code, § 901.)

This being a claim for medical malpractice the statute of limitations is to be found in Code of Civil Procedure section 340.5. As enacted in 1970, that statute provided a limitation period of four years from the date of injury or one year after the discovery thereof. It was amended effective September 26, 1975, to reduce the time to three years or one year from discovery and to provide that "In no event shall the time . . . exceed three years unless tolled . . ." by certain enumerated circumstances.

Here the date of the alleged tort was sometime in the year 1960 shortly after Kenneth's birth. The parties, however, agree that the date of

---

[4]Government Code section 911.8 provides:

"(a) Written notice of the board's action upon the application shall be given in the manner prescribed by Section 915.4.

"(b) IF the application is denied, the notice shall include a warning in substantially the following form: [¶] 'WARNING [¶] 'If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code Section 945.4 (claims presentation requirement). See Government Code Section 946.6. Such petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied. [¶] 'You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.' "

discovery of the injury and its alleged negligent cause was not until sometime later. It appears to us that the latest date which petitioner can claim is July 14, 1975, when she filed her first claim.

The letter which notified plaintiff that her July 14, 1975, claim had been denied by operation of law contained a paragraph to the effect that the office of the county counsel considered the claim to have been untimely. By that statement the county counsel was purporting to declare that the cause of action accrued more than 100 days prior to July 14, 1975.

Under the unique circumstances of this case the issue of when the cause of action accrued and whether the statute of limitations was tolled is critical to both compliance with the claims statute and plaintiff's ultimate success on her complaint for malpractice.

The claims statutes contain a provision for judicial relief from the governmental entities' rejection of a claimant's application to file a late claim, i.e., one filed more than 100 days after the cause of action accrued. (Gov. Code, § 946.6.) Obtaining that judicial relief is a condition precedent to maintaining an action against the governmental entity.

If in this case, the county's unilateral determination that the cause of action accrued prior to the 100-day limit is given effect, the result is that plaintiff is forced into a proceeding in which the court in a pretrial proceeding will make a binding determination of the critical issues of when the cause of action accrued and whether the statute of limitations was tolled—issues which are normally factual questions for a jury. (*Blake* v. *Wernette,* 57 Cal.App.3d 656 [129 Cal.Rptr. 426]; *Baker* v. *Beech Aircraft Corp.,* 39 Cal.App.3d 315 [114 Cal.Rptr. 171].)

█ The purpose of the claims statutes is to provide the public entity with notice of the proposed action so as to permit investigation and settlement, if appropriate, thereby avoiding the expense of litigation. (*Jackson* v. *Board of Education,* 250 Cal.App.2d 856 [58 Cal.Rptr. 763].) Substantial compliance is all that is required. (*Hall* v. *City of Los Angeles,* 19 Cal.2d 198 [120 P.2d 13]; *Spencer* v. *Calipatria,* 9 Cal.App.2d 267 [49 P.2d 320].)

The procedure for granting relief to a claimant from the strictures of the time limits provided in the claims statutes is remedial in nature and must be liberally interpreted in favor of the claimant.

That procedure, thus, cannot be viewed as giving the governmental entity the power to determine for itself factual questions related to the statute of limitations nor does it give the power to the governmental entity, by the manner in which it treats the claim, i.e., by rejecting it as untimely rather than on its merits, to deny to a claimant his or her right to a jury trial on disputed factual issues.

We conclude, and the County concedes, that the filing of the claim on July 14, 1975, was in substantial compliance with the claims statutes. The County further concedes that if the letter of September 2, 1975, is construed as a straight rejection by operation of law then because of the failure to enclose the appropriate warning required by Government Code section 913, subdivision (b), the time for filing the complaint in the superior court, at least insofar as the claims statutes are concerned, was extended for a period of two years from the accrual of the cause of action. (Gov. Code, § 945.6.) We commend the county counsel for its candor and forthrightness in this regard.

The County's position, however, is that at the time the claim was filed it showed on its face that the cause of action was, by force of Code of Civil Procedure section 340.5, already barred notwithstanding the late date of discovery. It argues that the former "open ended" discovery rule in medical malpractice cases was modified by the enactment of Code of Civil Procedure section 340.5 to the extent that such actions are now subject to the absolute outer limitation imposed by the statute. Petitioner contends that her cause of action is not barred because it did not accrue until her discovery of it in mid-1975.

In *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand,* 6 Cal.3d 176 [98 Cal.Rptr. 837, 491 P.2d 421], an action for legal malpractice, the court observed by way of dicta, that medical malpractice was then governed by a separate statute of limitations which bars any action filed more than four years from the date of injury.

In *Blake* v. *Wernette, supra,* the Court of Appeal for the Third District, in what appeared to be a case of first impression, held that the judicially declared "discovery rule" was now subject to the overriding maximum limitation period of Code of Civil Procedure section 340.5.

The parties agree that when a cause of action has accrued *prior* to the enactment of a new statute of limitations, the time limitation of that statute will commence to run on the effective date thereof. (*Nelson* v.

*Nelson,* 6 Cal. 430; *Caffroy* v. *Fremlin,* 198 Cal.App.2d 176 [17 Cal.Rptr. 668].)

Application of this latter rule would mean that if Code of Civil Procedure section 340.5, as enacted in 1970, is applicable to this claim then the four-year outer limit of that statute expired in 1974, well before the claim was filed.

The legislative history of Code of Civil Procedure section 340.5 leads to the conclusion that it was enacted, in part, out of concern over long-term exposure to liability of medical practitioners. (*Larcher* v. *Wanless,* 18 Cal.3d 646 [135 Cal.Rptr. 75, 557 P.2d 507].) As this court noted in *Balido* v. *Improved Machinery, Inc.,* 29 Cal.App.3d 633, at page 642 [105 Cal.Rptr. 890]: "In areas where the problem of time, change, and causation has proved particularly troublesome the Legislature has provided the courts with arbitrary mechanical solutions, . . . in the form of statutes of limitation. These statutes . . . in effect terminate substantive liability by decreeing that after the passage of a specified time the causal connection between defect and injury will no longer be legally recognized."

Code of Civil Procedure section 340.5, as enacted in 1970, was just such a statute. As to injuries resulting from alleged medical malpractice, where the tortious act occurred prior to the effective date, that statute serves to bar an action thereon four years from its effective date even though the injury and its cause had not theretofore been discovered. Inasmuch as the alleged tortious act here occurred in 1960, the cause of action based thereon was, if not fully developed under the "discovery" rule, at least in the incubation period and sufficiently viable to come within the purview of the 1970 enactment and was barred unless the four-year limitation was tolled.

■ Finally we consider petitioner's contention that the limitation period here was tolled. The applicable tolling provisions are contained in Government Code section 911.4 and Code of Civil Procedure section 340.5.[5]

---

[5]The general tolling provisions for minors contained in Code of Civil Procedure section 352 are by the terms of that statute made inapplicable to actions against public entities for which the filing of a claim is required.

Under the 1970 version, the tolling provision read "[Failure] to disclose any act, error or omission . . . which is known . . . or should have been known . . ." to the medical practitioner. The Supreme Court in *Sanchez* v. *South Hoover Hospital,* 18 Cal.3d 93 [132 Cal.Rptr. 657, 553 P.2d 1129], read the latter language in conjunction with the 1975 amendment and discerned a legislative intent in the 1970 version to toll the outer limit of four years only in the case of "intentional nondisclosure."

Code of Civil Procedure section 340.5 as it now reads following the 1975 amendment, lays to rest any ambiguity that may have existed in the 1970 version. The outer three-year limit is absolute unless tolled by (1) proof of fraud, (2) intentional concealment, or (3) the presence in the injured person of a foreign body with no diagnostic or therapeutic purpose.

The claim filed July 14, 1975, did not on its face show that it was untimely. It contained allegations which, if true, would have tolled the running of the statute of limitations, and postponed the date of accrual of the cause of action. The County's rejection of that claim must be treated as an outright rejection and not simply a denial of permission to file a late claim. The failure to include the required warning extended the period for filing the action two years from the accrual of the cause of action.

If plaintiff succeeds at trial in proving that her cause of action did not accrue until a date less than two years prior to October 1976, and that because of a tolling of the statute of limitations, her action was not previously barred then, of course, her complaint was timely filed. If, on the other hand, the cause of action was already barred at the time the claim was filed, then the time extension provided by the claims statute would not serve to revive the cause of action.

In summary, the case should now proceed in the ordinary fashion and in accordance with the principles which we have here set forth. Petitioner has the burden in that action of proving that because of the tolling provisions thereof, her cause was not barred by Code of Civil Procedure section 340.5 as enacted in 1970. If she is unable to carry that burden then her action would have been barred in 1974, notwithstanding the fact that her "discovery" may not have occurred until sometime in 1975.

The order appealed from is reversed and the superior court is directed to dismiss the petition as moot. Each side to bear its own costs.

Fleming, Acting P. J., and Beach, J., concurred.