[No. B004382. Second Dist., Div. Five. July 16, 1985.]

FRED RODRIGUEZ et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

John W. Miner and James R. McGrath for Plaintiffs and Appellants.

Hill, Genson, Even, Crandall & Wade, Horvitz & Levy, Barry R. Levy, David S. Ettinger, Jean Spitzer and Cheri A. Lewis for Defendant and Respondent.

**OPINION**

LAVINE, J.*—Fred and Linda Rodriguez (plaintiffs) appeal from a denial by the superior court of their application for relief from the 100-day claim presentation requirement.

### FACTS

Plaintiffs seek damages from the County of Los Angeles (County) for their daughter's death from acute pyelonephritis which allegedly went undiagnosed because of the County's negligence. Through their attorney, they presented a claim to the County on March 2, 1983, alleging that their daughter had died on March 30, 1982, as a result of negligent care at Martin Luther King, Jr. General Hospital on March 9, 1982. The claim alleged it was timely presented because plaintiffs did not discover their daughter died as a result of negligence by the hospital until January 12, 1983, almost 10 months after the child's death.

---

*Assigned by the Chairperson of the Judicial Council.

On March 29, 1983, the County notified them that "preliminary review . . . indicates that this claim was not timely filed," and told them the claim would be considered a nullity, however "[y]ou may apply for leave to present late claim. . . ."

On April 4, 1983, plaintiffs applied to the County for permission to file a late claim, alleging that the claim had been timely filed because plaintiffs "did not reasonably know that negligence was the cause of death until January 12, 1983 when they consulted counsel . . .," and that until that time they thought the cause of death was crib death rather than acute pyelonephritis. The application, signed by counsel and not by plaintiffs, was unverified, did not state when or why plaintiffs first consulted counsel and offered no explanation of why, if January 12, 1983, was when plaintiffs first consulted an attorney, they delayed until then to file. The County denied this late claim application, and set forth the statutorily required warning of the need for petitioning the court for relief prior to filing an action.

On August 5, 1983, after the denial of their late claim application, plaintiffs petitioned the superior court for relief from the 100-day claim requirement. The unverified petition, containing no affidavits and signed only by their attorney, alleged that plaintiffs thought their daughter had been the victim of crib death and that they had not been "aware that the cause of death was acute pyelonephritis until they consulted counsel on or about January 12, 1983." Plaintiffs stated that the claim was properly filed within the 100-day statutory period because it accrued on or about January 12, 1983, when they consulted counsel and discovered that their daughter's death was caused by negligence at the hospital.

In its opposition, the County set forth that although plaintiffs contended in their petition they were unaware that their daughter had died of acute pyelonephritis until 10 months after her death, some 64 days after the child's death her death certificate was issued listing her cause of death as "acute pyelonephritis." On September 12, 1983, the superior court by minute order denied the petition, stating: "Evidence submitted on behalf of parties is received into evidence, by reference. Petition is denied. No evidence of excusable neglect. Responding party to submit and serve proposed order." The order and judgment denying relief was filed on September 30, 1983, and plaintiffs filed a timely appeal.

## ISSUES

1. Did the superior court err in denying the petition for relief from the claim filing requirement? No.

2. Is plaintiffs' petition for relief a redundancy so that plaintiffs may proceed with their complaint allegedly on file as if the petition had not been denied? This question is outside the scope of this appeal.

DISCUSSION

1. *Did the superior court err in denying the petition for relief from the claim filing requirement? No.*

■ In order to bring a wrongful death case against a public body, a claim must be presented to that body within 100 days of accrual of the cause of action. (Gov. Code, §§ 911.2, 945.4.) If the claim is not filed within this time, an application may be made to the public body for leave to present a late claim. (§ 911.4.) If the application to the public body is denied, then a petition may be filed in the superior court for an order relieving the petitioner from the 100-day claim presentation requirement. Section 946.6 permits the court to grant relief if it finds the application for leave to present the late claim was made within a reasonable time not to exceed one year after accrual of the cause of action (§§ 911.4, subd. (b), 946.6) and if petitioners' failure to file a claim within 100 days is due to one of the reasons specified in section 946.6, subdivision (c), which here "was through mistake, inadvertence, surprise or excusable neglect. . . ."

■ Plaintiffs' petition to the superior court is completely devoid of any evidentiary support. It is made by plaintiffs' counsel, with no showing that plaintiffs' counsel had any percipient knowledge of any of the facts, or that counsel was qualified to give his opinion as an expert witness. There is no explanation as to why the alleged cause of death was discovered on or about January 12, 1983, or whether there were any facts concerning discovery disclosed or not disclosed prior to January 12, 1983. Plaintiffs fail to refute the evidence of the death certificate, issued 64 days after the death of the child, which sets forth the cause of death to be acute pyelonephritis, which is the same cause alleged in plaintiffs' claim.

■ In this type of petition proceeding, a petitioner has the burden of proving by a preponderance of evidence the necessary elements for relief. (*Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718, 723 [173 Cal.Rptr. 4]; *City of Fresno* v. *Superior Court* (1980) 104 Cal.App.3d 25, 32 [163 Cal.Rptr. 807]; *Toscano* v. *County of Los Angeles* (1979) 92 Cal.App.3d 775, 784-785 [155 Cal.Rptr. 146].)

In *Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152, 156 [188 Cal.Rptr. 644], the court stated: "The granting or denial of a petition for relief under section 946.6 rests within the discretion of the trial court and

its determination will not be disturbed on appeal except for abuse of that discretion. . . .'' In *Tyus* v. *City of Los Angeles* (1977) 74 Cal.App.3d 667, 669 [141 Cal.Rptr. 630], the court said: ''The trial court's resolution of the issues presented by the petition is subject to appellate review only for an abuse of discretion not supported by substantial evidence.'' *Bennett* v. *City of Los Angeles* (1970) 12 Cal.App.3d 116, 120 [90 Cal.Rptr. 479] cautions appellate courts not to substitute their own judgment for the function of the superior court which is to decide these petitions. ''Yet we cannot arbitrarily substitute our judgment for that of the trial court.'' (*Id.*, at p. 120.)

■ Even if we were to examine the original claim and the application to the County for permission to file a late claim in order to bolster up plaintiffs' lack of valid evidentiary material in the petition to the superior court, this does not improve plaintiffs' position. There would still be a complete lack of relevant and competent evidence to support the petition. As stated in *Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 436-437 [197 Cal.Rptr. 601, 673 P.2d 271], it is proper to deny relief under section 946.6 where there is ''simply no competent evidence before the trial court upon which it could exercise its discretion.''

Plaintiffs contend that because they submitted evidence to the superior court showing the filing of a timely claim with the County, this is sufficient. But plaintiffs fail to so prove. As stated above, an examination of the original claim and application for permission to file a late claim does not show that a timely claim was filed. Even if the claim were timely filed, such consideration is not within the purview of the superior court in considering this petition. In *Toscano* v. *County of Los Angeles, supra,* 92 Cal.App.3d at page 783, the court stated: ''the issue of substantial compliance with [the 100-day claim filing requirement] was outside the scope of the superior court proceeding, and . . . no abuse of discretion could be founded thereon. . . .''

For the above reasons, the superior court did not abuse its discretion, as there was no evidence submitted upon which plaintiffs' petition could have been granted.

2. *Is plaintiffs' petition for relief a redundancy so that plaintiffs may proceed with their complaint allegedly on file as if the petition had not been denied? This question is outside the scope of this appeal.*

■ Although plaintiffs and respondent assert that after the petition was denied and this appeal filed, plaintiffs filed a complaint for wrongful death against the County alleging the filing of a claim within 100 days of the date plaintiffs learned that the death of their daughter was caused by the negli-

gence of defendants. There is nothing in the record before us to show this, although we could take judicial notice of that superior court file. Plaintiffs urge on appeal that the petition should be declared to be a redundancy, the trial court's judgment should be reversed, and plaintiffs should be allowed to proceed on the complaint they filed during the pendency of the appeal.

Plaintiffs were not lulled or forced by the County into the late claim procedure. When the County informed plaintiffs that a preliminary review indicated that their claim had been untimely filed, the County was preserving its position on the issue. For if the County had failed to give notice to plaintiffs that it considered the claim untimely, the County would have been estopped from raising the issue of untimeliness. (*Dujardin* v. *Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 360 [138 Cal.Rptr. 20].) The County informed plaintiffs that "You may apply for leave to present late claim . . . ." If plaintiffs disagreed with the County's position that their claim was untimely, they could have filed a complaint against the County without filing a request to file a late claim and thus litigated the issue in that way. As stated in *Toscano* v. *County of Los Angeles, supra,* at pages 783: "An argument that one filed a timely claim is inconsistent with a petition for relief under section 946.6, since such petition necessarily follows the denial of an application for leave to file a late claim. . . .

"One who has a cause of action against a public entity for personal injury or property damage, and who has filed therewith a timely claim substantially complying with the requirements of sections 911.2 and 945.4, should file a complaint against that public entity within the appropriate statutory period and in the appropriate court. The complaint should allege that timely claim for damages has been filed with the defendant. . . ."

This contention is made for the first time on appeal and was not made before the trial court. Plaintiffs seek to bring themselves within the rule of *Scott* v. *County of Los Angeles* (1977) 73 Cal.App.3d 476 [140 Cal.Rptr. 785] in which the reviewing court reversed the trial court's denial of a petition for relief pursuant to section 946.6 and directed the trial court to dismiss the petition as moot.[1] The circumstances which motivated the appellate court to grant such extraordinary relief in *Scott* differ markedly with the facts in the present case. In *Scott,* the original claim was denied by operation of law. Then the petitioner, for some reason, filed a second claim which the Court of Appeal stated "contained allegations which, if true, would have . . . postponed the date of accrual of the cause of action." (*Id.,*

---

[1]See *Gurrola* v. *County of Los Angeles* (1984) 153 Cal.App.3d 145, 151-152 [200 Cal.Rptr. 157], discussing the effect of *Scott* in relation to collateral estoppel should plaintiffs have failed to file this appeal from the superior court's denial of their petition.

at p. 484.) The County treated the new claim as an application to file a late claim, rejected it and instructed petitioner that if she wanted to file a court action she *must first file a petition for relief.* (*Id.*, at pp. 479-480.) Thereafter petitioner sought relief in the superior court by filing a petition pursuant to section 946.6, which was denied.

The present case differs from *Scott* for the following reasons: (1) Plaintiffs, unlike in *Scott,* were not forced to follow late claim procedures because the County misled them; (2) plaintiffs' claim in this case, unlike *Scott,* did not contain allegations which, if true, would have postponed the date of accrual of the cause of action. ■ Although the date of accrual of a cause of action may be delayed by belated discovery, as stated in *Dujardin* v. *Ventura County Gen. Hosp., supra,* 69 Cal.App.3d at page 356: "[i]n order to properly raise the issue of belated discovery, the plaintiff must state in his complaint when the discovery was made, the circumstances surrounding the discovery, and facts which show that the failure to make an earlier discovery was reasonable, justifiable and not a result of plaintiff's failure to investigate or to act." In the case at bar, plaintiffs did nothing more than state a bare conclusion about time of discovery.

Plaintiffs may be able to state in their new complaint in the superior court sufficient facts to show that the claim was timely filed, as in *Scott, supra,* and we do not pass upon the sufficiency of the new complaint as it is not before us on appeal. Likewise, we do not intend by this dictum to pass upon the question of whether plaintiffs are estopped or barred from litigating the timeliness of their original claim or new complaint.

For these reasons we do not rule on this issue which was not brought before the trial court and is not properly before us on appeal.

The judgment in favor of the County is affirmed.

Ashby, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied August 15, 1985.