[No. B008804. Second Dist., Div. Five. Dec. 10, 1985.]

DESSIE L. CHALMERS et al., Plaintiffs and Appellants, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

## COUNSEL

Ives, Kirwan & Dibble and Timothy Born for Plaintiffs and Appellants.

Patterson, Ritner, Lockwood, Zanghi & Gartner, Horvitz & Levy, David S. Ettinger and Joan Wolff for Defendants and Respondents.

## OPINION

**ASHBY, J.**—Appellants Dessie Chalmers, Dorothy Gray, Ruby Chalmers and Betty Lazard sued respondents County of Los Angeles, Department of Health Services, Mira Loma Hospital; Nagraja Bhaskara, M.D.; and Kishore Chokshi, M.D. (County). Appellants brought a personal injury and wrongful death suit as survivors and heirs of Charlie Chalmers. The trial court granted a demurrer without leave to amend in favor of County on the ground that the suit was barred by the applicable six-month statute of limitations (Gov. Code, § 945.6, subd. (a)(1))[1] and dismissed the suit. This appeal followed.

■ The issues raised concern the Tort Claims Act (§ 900 et seq.), which prescribes the manner in which public entities may be sued. Before a suit for personal injuries may be brought, a claim must be presented to the public entity within 100 days of the accrual of the cause of action. (§§ 945.4, 911.2.) The public entity has 45 days to grant or deny the claim; if the claim is not acted upon within 45 days, it is deemed rejected. (§ 912.4.) If written notice of rejection is sent, suit must be brought within six months. (§ 945.6, subd. (a)(1).) If no written notice is given, the claimant is allowed two years from the accrual date to file the suit. (§ 945.6, subd. (a)(2).)

■ It is uncontested that appellants received a notice of rejection from County on September 7, 1983, and that they filed their lawsuit on March 19, 1984, after the six-month limit had passed. Appellants contend that the trial court erred by dismissing the suit on the ground that it was not timely filed because they are entitled to the two-year statute of limitations. The contention is based on their argument that the letter of rejection did not comply with the notice requirements of section 913. They contend that section 913, subdivision (a), requires that any written notice of a public entity's action or inaction on a claim must contain the date on which the claim was presented, the nature of the action taken or announcement of rejection by operation of law, and the date of that action or rejection by operation of

---

[1]All section references hereafter are to the Government Code.

law. The letter sent by County definitely advised appellants that their claim was rejected, but did not include either the date the claim was filed or the date of its decision to reject the claim. Appellants contend that the inclusion of the dates is made mandatory by the statute, and the failure to include the dates caused the notice sent by County to be ineffective.

Section 913, subdivision (a), describes the manner in which written notice of rejection or deemed rejection be sent to a claimant.[2] The section states that the written notice "*may* be in substantially the following form" and gives a format which does indeed include the elements listed by appellants.[3] (Italics added.) The language of section 913, subdivision (a), cannot be read to require those elements, however. ▆ Words found in statutes are to be given their ordinary meaning. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) ▆ The use of the word "may" indicates that the public entity has the option to follow the format and include the dates. This reading is supported by the Law Revision Commission Comment on the 1970 amendment of the statute,[4] which states in part: "An *optional* form of notice is set forth in subdivision (a)." (Italics added.) By contrast, section 913, subdivision (b), states that if the claim is rejected, the notice "*shall* include a warning [of the six-month statute of limitation] in substantially the following form . . . ." (Italics added.) This language indicates that the warning is mandatory. A failure to enclose the appropriate warning would extend the time for filing the suit to two years from the time of accrual.[5] (See *Scott* v. *County of Los Angeles* (1977) 73 Cal.App.3d 476, 482 [140 Cal.Rptr. 785].) The plain language of the statute does not require that the dates of filing and rejection or acceptance of the claim be included in the notice letter.

▆ Appellants' reliance on *Hall* v. *City of Los Angeles* (1941) 19 Cal.2d 198 [120 P.2d 13], and *Loehr* v. *Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071 [195 Cal.Rptr. 576], is misplaced. These cases hold that the items to be included in a claim against a public entity as required by section 910 are mandatory, and compliance with the statute is a prerequisite to filing a suit for damages. This rule is justified by the

---

[2]Section 913, subdivision (a), states in part: "Written notice of the action taken under Section 912.6 or 912.8 or the inaction which is deemed rejection under Section 912.4 shall be given in the manner prescribed by Section 915.4."

[3]The suggested format is as follows: "'Notice is hereby given that the claim which you presented to the (insert title of board or officer) on (indicate date) was (indicate whether rejected, allowed, allowed in the amount of $_____ and rejected as to the balance, rejected by operation of law, or other appropriate language, whichever is applicable) on (indicate date of action or rejection by operation of law.)'"

[4]In 1970 the statute was amended to its present language.

[5]The mandatory warning language was in the letter sent by County.

rationale underlying section 910, that is, to provide the public entity with notice of the action to permit investigation and, possibly, settlement to avoid the expense of litigation. (*Jackson* v. *Board of Education* (1967) 250 Cal.App.2d 856, 859 [58 Cal.Rptr. 763].) That rationale cannot support the adoption of appellants' position. Because they filed the claim, appellants knew the date it was presented to County. Furthermore, with respect to a written notice of rejection, the date of action or inaction by County has no relevancy; it is the mailing of the rejection notice that triggers the running of the six-month limitation period. (§ 945.6, subd. (a)(1).) Finding neither statutory language nor rationale requiring that the dates be included in the notice of rejection, the notice is not defective on this ground.

■ Appellants also maintain that the notice is ineffective because County failed to advise them that the claim had been deemed rejected by operation of law due to County's failure to act within 45 days of the filing of the claim. The letter of rejection clearly informed appellants that their claim was rejected on the merits.[6] The fact that County argued in opposition papers filed with the trial court that the claim in any case was rejected by operation of law does not warrant the significance appellants wish to give it. The purpose of section 913 is to encourage notification of rejected claims and of the six-month limitation period. Appellants received notification of both. They offer no authority and no rationale for their need to be notified that their claim was rejected by operation of law as well as by action of County. (But see *Denham* v. *County of Los Angeles* (1968) 259 Cal.App.2d 860, 866 [66 Cal.Rptr. 922].) We find no defect in the notice on this ground.

■ Finally, appellants seek to estop County from relying on the six-month limitation period based on the following facts. Between the filing of the claim and its rejection, County sent appellants a copy of a letter. The original letter had been sent from County to Professional Risk Management, Inc. (PRM). The letter authorized PRM "to issue any notice letters indicated on behalf of [County], pursuant to *inter alia,* Sections 910.8, 911.8 and 913," in regard to appellants' claim. Appellants contend that they expected to receive notice of County's decision on the claim, not from County, but from PRM. They contend that they were misled by County and detrimentally relied on the authorization letter. Their argument implies that they did not respond in time to the rejection letter they received on September 7 because they waited to hear from PRM.

---

[6] The notice letter sent by County stated in pertinent part: "Investigation of this matter fails to indicate any liability on the part of the County of Los Angeles, its officers, agents or employees. [¶] Accordingly, your claim has been rejected on that basis, and no further action will be taken thereon."

█ To establish estoppel as an element of a suit the elements of estoppel must be especially pleaded in the complaint with sufficient accuracy to disclose facts relied upon. (*Frank Pisano & Associates* v. *Taggart* (1972) 29 Cal.App.3d 1, 18 [105 Cal.Rptr. 414].) The complaint contains no facts about being misled or detrimental reliance. In fact, the recitation of general allegations, paragraph 11, plainly states, "On or about September 7, 1983, [County] rejected the claim in its entirety." █ County asserts that one may not seek to amend a complaint to cure a defect by simply omitting the allegation; it is possible, however, to cure by omission with the explanation that the error was made as the result of mistake or inadvertence. (*Reichert* v. *General Ins. Co.* (1968) 68 Cal.2d 822, 836 [69 Cal.Rptr. 321, 442 P.2d 377].) Nevertheless, appellants are not entitled to amend this complaint because there is no merit to their argument. █ The copy of the letter they contend they relied on could not have misled them into believing that they should file their suit only after being notified to do so by PRM. The letter informed them that any notice sent by PRM would be on County's behalf. But the letter cannot be said to excuse them from acting on a letter of rejection they received directly from County. Possibly a cover letter accompanied the copy of the County-PRM letter. Perhaps that letter misled appellants, but no cover letter appears in the file. Based on the record before us appellants cannot maintain that they were led to believe that they should respond to notice from PRM only.

The judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.