Filed 1/31/22

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| TREASURE ANDREWS, | D077550 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2018-00033322-CU-PA-CTL) |
| METROPOLITAN TRANSIT SYSTEM et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Reversed.

Huston | McCaffrey and Shawn P.K. Huston, for Plaintiff and Appellant.

Liedle & Larson and Matthew J. Liedle, for Defendants and Respondents.

Treasure Andrews sued the Metropolitan Transit System, San Diego Transit Corporation, and Janalee St. Clair (collectively, MTS) after she was injured on an MTS bus driven by St. Clair.  MTS moved for summary judgment on the ground that Andrews's complaint was barred by the statute of limitations because Andrews filed suit more than six months after MTS

mailed a notice of rejection of Andrews's claim for damages. (See Gov. Code, § 945.6, subd. (a)(1).)[1] Andrews opposed, arguing among other things that MTS's notice of rejection was defective because it did not include the full warning required by statute (§ 913, subd. (b)) and the two-year statute of limitations therefore applied (see § 945.6, subd. (a)(2)). The trial court found that Andrews's complaint was untimely, granted the motion, and entered judgment against Andrews.

On appeal, Andrews again contends the notice of rejection was defective. We agree. Section 913, subdivision (b) requires a public agency to include a warning in its notice of rejection in "substantially the following form": " 'Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. [¶] You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.' " MTS's notice of rejection omitted the latter half of the warning. The notice did not comply with the statute and was therefore insufficient to trigger the six-month statute of limitations in section 945.6, subdivision (a)(1). Instead, Andrews had two years from the accrual of her cause of action to file suit. (See § 945.6, subd. (a)(2).) The trial court erred by finding that the six-month limitations period applied, and we reverse the judgment on that basis.

FACTUAL AND PROCEDURAL BACKGROUND

In her operative complaint, Andrews alleged that she boarded an MTS bus and was injured when the driver "negligently accelerated" before Andrews was able to sit down. After her injury, she retained an attorney,

---

[1] Subsequent statutory references are to the Government Code unless otherwise specified.

2

who notified MTS in writing of her representation and the injury. Andrews, who was over 80 years old at the time, submitted a claim for monetary damages to MTS. She stated that the bus's acceleration caused her "to tumble down the aisle and break her hip (among other injuries)." She sought approximately $500,000 for medical expenses, home care, and pain and suffering. She listed her attorney as the contact to whom notices should be sent.

MTS rejected Andrews's claim on November 14, 2017. The notice of rejection included the following warning: "Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action in a municipal or superior court of the State of California on this claim. See Government Code Section 945.6. [¶] This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code Sections 900 et[] seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing." MTS addressed the notice to Andrews's attorney and contended it was mailed the same day. Andrews's attorney denied receiving the notice.

Andrews filed suit on July 3, 2018, almost eight months after MTS ostensibly mailed its notice of rejection. MTS demurred on the ground that Andrews's claims were barred by the six-month statute of limitations in section 945.6, subdivision (a)(1). The trial court overruled the demurrer because, among other reasons, MTS's notice of rejection "failed to include a significant portion of the language that was required to appear in substantially the same form as provided in . . . section 913. [Citation.] Thus,

3

the notice of rejection itself was also arguably defective, which would also trigger application of the two-year statute of limitations."

Later, MTS moved for summary judgment. MTS argued again that Andrews's claims were barred by the six-month statute of limitations. In her opposition, Andrews reiterated her view that the notice of rejection was defective because it did not comply with section 913. She also argued (1) MTS had not shown the notice of rejection was mailed in accordance with section 915.2 and (2) MTS had waived reliance on the statute of limitations or was estopped from doing so.

The court granted MTS's motion for summary judgment. In its order, the court found that MTS "complied with. . . .section 913 by providing a warning that was substantially the same as that provided in . . . section 913 under the circumstances because it was known Plaintiff was represented by counsel and the notice of rejection was sent to Plaintiff's counsel. Moreover, as discussed below, Plaintiff's attorney did not receive it such that Plaintiff could not have relied upon it and any purported defects are irrelevant." The court entered judgment against Andrews, and she appeals.

DISCUSSION

We review the court's order granting summary judgment de novo. (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1003.) " 'On review of an order granting or denying summary judgment, we examine the facts presented to the trial court and determine their effect as a matter of law.' [Citation.] We review the entire record, 'considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.' [Citation.] Evidence presented in opposition to summary judgment is liberally construed, with any doubts about the evidence resolved in favor of the party opposing the motion." (*Regents of*

*University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) "A defendant's motion for summary judgment should be granted if no triable issue exists as to any material fact and the defendant is entitled to a judgment as a matter of law." (*Kahn*, at pp. 1002-1003.)

"Suits for money or damages filed against a public entity are regulated by statutes contained in division 3.6 of the Government Code, commonly referred to as the Government Claims Act." (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 989 (*DiCampli-Mintz*).) These statutory provisions "define with precision and clarity the respective rights and duties of both the individual claimants and the public entities[.]" (*Stanley v. City & County of San Francisco* (1975) 48 Cal.App.3d 575, 579.) "Section 905 requires the presentation of 'all claims for money or damages against local public entities,' subject to exceptions not relevant here. Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within a year." (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 737-738.)

"The Government Claims Act also defines the local public entity's responsibilities once it receives a written claim for money or damages. The governing board of the local public entity may act on a claim by rejecting it, allowing it, or compromising it. (§ 912.6, subd. (a).) Section 912.4 specifies the time for action by the board. Generally, the board must act 'within 45 days after the claim has been presented.' (§ 912.4, subd. (a).) If the board fails or refuses to act within the specified time, the claim is deemed to have been rejected. (§ 912.4, subd. (c).)" (*Cavey v. Tualla* (2021) 69 Cal.App.5th 310, 329 (*Cavey*).)

"Regardless of whether the public entity acts or chooses not to act on a claim, the Government Claims Act requires written notice to the claimant or

5

the claimant's representative." (*Cavey, supra*, 69 Cal.App.5th at p. 329.) "Written notice shall be given in a precise manner." (*Jenkins v. County of Contra Costa* (1985) 167 Cal.App.3d 152, 155, citing § 913.) Section 913, subdivision (a) describes the mandatory requirements for delivery of the notice (see § 915.4) and provides language that "may" be used for the text of the notice. Section 913, subdivision (b) sets forth a warning that "shall" be included if a claim is wholly or partially rejected. The statute states, "If the claim is rejected, in whole or in part, the notice required by subdivision (a) shall include a warning in substantially the following form:  [¶]  'WARNING [¶]  Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.  [¶]  You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately." (§ 913, subd. (b).)

The statute uses the word "shall" with respect to the warning. (§ 913, subd. (b).) "This language indicates that the warning is mandatory." (*Chalmers v. County of L.A.* (1985) 175 Cal.App.3d 461, 465 (*Chalmers*).) "It is a well-settled principle of statutory construction that the word 'may' is ordinarily construed as permissive, whereas 'shall' is ordinarily construed as mandatory, particularly when both terms are used in the same statute." (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443; see § 14.) Thus, "[s]ection 913 requires a specific set of warnings be given whenever a public entity rejects a claim" under the Government Claims Act. (*Mandjik v. Eden Township Hospital Dist.* (1992) 4 Cal.App.4th 1488, 1499, fn. 5.)

A public entity's compliance with section 913 determines the statute of limitations applicable to a claimant's subsequent lawsuit. (*Him v. City &*

6

*County of San Francisco* (2005) 133 Cal.App.4th 437, 441-442.) "If written notice is given in accordance with Section 913," the lawsuit must be commenced "not later than six months after the date such notice is personally delivered or deposited in the mail." (§ 945.6, subd. (a)(1).) "If written notice is not given in accordance with Section 913," the lawsuit must be commenced "within two years from the accrual of the cause of action." (§ 945.6, subd. (a)(2).)

Compliance with section 913 includes providing the warning required by statute. As one court noted, "A failure to enclose the appropriate warning would extend the time for filing the suit to two years from the time of accrual." (*Chalmers, supra,* 175 Cal.App.3d at p. 465, fn. omitted.) Similarly, in *Scott v. County of Los Angeles* (1977) 73 Cal.App.3d 476, 482 (*Scott*), a public entity admitted that its failure to include the required warning extended the statute of limitations period from six months to two years under section 945.6, and the appellate court agreed.

Here, it is undisputed that MTS's rejection notice did not provide the warning required by section 913, subdivision (b). It omitted the second half of the warning, which states, " 'You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.' " (*Ibid*.)

To excuse this omission, MTS focuses on the word "substantially" in the statute's requirement that a public entity's rejection notice "shall include a warning in substantially the following form[.]" (§ 913, subd. (b).) MTS contends its notice substantially complied with the statute and was therefore sufficient to trigger the six-month statute of limitations under section 945.6, subdivision (a)(1). We disagree.

7

" ' "Substantial compliance, as the phrase is used in the decisions, means actual compliance in respect to the substance essential to every reasonable objective of the statute." [Citation.] Where there is compliance as to all matters of substance[,] technical deviations are not to be given the stature of noncompliance. [Citation.] Substance prevails over form.' [Citations.] Our high court has more recently explained with respect to the above quoted passage . . . : 'This formulation is unobjectionable so long as it is understood to mean that each objective or purpose of a statute must be achieved in order to satisfy the substantial compliance standard, but this language cannot properly be understood to require "actual compliance" with every specific statutory requirement.' [Citation.] An appellate court in a more recent case succinctly observed: 'Substantial compliance with a statute is dependent on the meaning and purpose of the statute.' " (*St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 779 (*St. Mary*).)

The purposes of section 913, subdivision (b) are plainly to inform the claimant of the applicable statute of limitations *and* the desirability of promptly consulting an attorney. The California Law Revision Commission comments explain, "If the claim is rejected either in whole or in part, subdivision (b) requires the public entity to include with the notice a warning concerning the applicable statute of limitations *and advice to secure the services of an attorney*. The notice and warning will alert the claimant, at the time of rejection, of the time allowed to pursue his claim in the courts and will protect a minor or incompetent against an inadvertent reliance on the general tolling provisions of Code of Civil Procedure Section 352. See Code of Civil Procedure Section 352 and Government Code Section 945.6(a). The last two sentences of the notice are based on the language of the notice required

8

by Code of Civil Procedure Section 407 to be included in a summons." (Cal. Law Revision Com. com., West's Ann. Gov. Code, foll. § 913, italics added.)[2]

These purposes are confirmed by the comments to section 945.6, which defines the two potential statutes of limitations. The comments note, "The triggering date generally will be the date the notice is deposited in the mail or personally delivered to the claimant, at which time the claimant *will receive* a warning that he has a limited time within which to sue *and a suggestion that he consult an attorney of his choice.* See Government Code Section 913." (Cal. Law Revision Com. com., West's Ann Gov. Code, foll. § 945.6, italics added.)

Thus, one objective of section 913 is to ensure claimants are advised that they should consider consulting an attorney, and do so promptly. The warning provided by MTS in its notice of rejection did not comply with this objective of the statute because it did not say anything about consulting an attorney. The doctrine of substantial compliance therefore does not apply. "The doctrine of substantial compliance does *not* allow an excuse to literal noncompliance in every situation. [Citation.] It 'excuses literal noncompliance *only* when there has been "actual compliance in respect to the substance essential to *every reasonable objective of the statute.*" ' " (*Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 166.)

MTS claims the warning required by section 913, or at least the attorney advisement, was "not a matter of 'substance' " and therefore it could be omitted without consequence. This claim is unpersuasive. The suggestion that a claimant seek the advice of an attorney, and do so promptly, has the

_____

2      Andrews's unopposed request for judicial notice of the California Law Revision Commission's 1969 Annual Report relating to section 913 is granted. (See *Rojas v. Superior Court* (2004) 33 Cal.4th 407, 418, fn. 7; *Gilman v. Dalby* (2021) 61 Cal.App.5th 923, 929.)

potential to alter a claimant's behavior and affect the outcome of her subsequent lawsuit. The Legislature determined that such a suggestion should be included, and the California Law Revision Commission comments confirm its importance. It is substantive; it is not a matter of form or a mere technicality. "As pointed out long ago, '[w]here [a] statute prescribes a certain kind of notice, a court is not justified in saying that some other kind of notice would be equally effective.'" (*Smith v. Bd. of Supervisors* (1989) 216 Cal.App.3d 862, 876 (*Smith*), quoting *Ferri v. City of Long Beach* (1917) 176 Cal. 645, 647.)

MTS also claims that it substantially complied with section 913 based on the specific facts here, i.e., where Andrews had already retained an attorney. However, where a party has not achieved each objective or purpose of the statute, the doctrine of substantial compliance does not apply. (*St. Mary*, *supra*, 223 Cal.App.4th at p. 779.) Moreover, even considering Andrews's representation, the attorney advisement still has meaning. A represented claimant like Andrews could have representation only for the limited purpose of submitting a claim, or the representation could otherwise have ended by the time the public entity delivered its notice of rejection. The attorney advisement would still serve a useful purpose under such circumstances. We will not lightly disregard the notice expressly mandated by statute. (See *Smith*, *supra*, 216 Cal.App.3d at p. 876.) "Further, ' "[w]e must assume that the Legislature knew how to create an exception if it wished to do so . . . ." ' " (*DiCampli-Mintz, supra*, 55 Cal.4th at p. 992.) MTS has not shown it substantially complied with section 913.

In a related argument, MTS maintains that the absence of the attorney advisement "had no influence" on the timing of Andrews's lawsuit. But Andrews's reaction has no bearing on whether MTS's notice of rejection

10

complied with section 913 in the first place.  Where, as here, the notice of rejection does not comply with the statute, the two-year statute of limitations applies.  (§ 945.6, subd. (a)(2); *Chalmers*, *supra*, 175 Cal.App.3d at p. 465; *Scott*, *supra*, 73 Cal.App.3d at p. 482.)

The recent opinion in *Cavey*, *supra*, 69 Cal.App.5th 310, is instructive. It considered the requirement in sections 913 and 915.4 that a notice of rejection be sent to the address for notices stated in the claim or, if no such address is stated, the address of the claimant herself.  (*Cavey*, at p. 345.)  The claim at issue did not include a specific address for notices, so the public entity was required to send its notice of rejection to the address of the claimant.  (*Ibid*.)  But, apparently because the claimant was represented, the public entity sent its notice of rejection to the claimant's attorney.  (*Ibid*.) *Cavey* held that the notice of rejection was ineffective because it was sent to the wrong address.  (*Ibid*.)  It rejected the public entity's argument that it was required by the Rules of Professional Conduct to send the notice to the claimant's attorney because the notice was sent by a public entity attorney. (*Id*. at pp. 345-346.)  *Cavey* noted that the public entity's position was "contrary to the plain meaning of the provision's text and [the public entity] is not an attorney bound by the rule."  (*Id*. at p. 346.)  The public entity's "written rejection notice was not given in accordance with sections 913 and 915.4 and, therefore, plaintiff's lawsuit is subject to the two-year statute of limitations contained in section 945.6, subdivision (a)(2)."  (*Ibid*.)  Similarly, here, MTS's notice of rejection was not given in accordance with section 913, subdivision (b) and the two-year limitations period applies.

Finally, while "we approach the issue of the statute of limitations defense in this case with no policy predisposition favoring either side" (*Vu v. Prudential Property & Casualty Insurance Co.* (2001) 26 Cal.4th 1142, 1149),

11

we are mindful that balancing the competing policies embodied in a given statute (one for repose and one for disposition on the merits) "belongs to the Legislature alone [citation], subject only to constitutional constraints" (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 396-397). We therefore will not "indulge in strained constructions to apply the statutes to the facts of a particular case." (*Donnellan v. City of Novato* (2001) 86 Cal.App.4th 1097, 1103.) In this context, we note that the two-year statute of limitations still applies, so the policy of prompt resolution of claims is not substantially undermined, and neither is Andrews prevented from pursuing her claims on the merits. (See generally *Addison v. State of California* (1978) 21 Cal.3d 313, 321.)[3]

---

[3] As an alternative ground for affirmance, MTS contends Andrews did not comply with the summary judgment statute's procedural requirement that her opposition papers include "a separate statement that responds to each of the material facts contended by the moving party to be undisputed[.]" (Code Civ. Proc., § 437c, subd. (b)(3).) Andrews served an unsigned separate statement on MTS, but she did not file it. "Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (*Ibid*.) Here, however, the trial court did not exercise its discretion to grant the motion based on Andrews's noncompliance. The court wrote, "The Court may grant the motion on procedural grounds; however, the Court acknowledges that Defendants accepted late service of the opposition and that the served papers included an unsigned opposition to the separate statement, which was not filed. Even considering the merits, the Court grants the motion." The trial court noted its authority but did not grant the motion on procedural grounds. Instead, it considered and granted the motion on its merits. Andrews's procedural noncompliance was not a ground for the court's order, and contrary to MTS's suggestion she was not required to address it in her opening brief. (See *Orange County Water Dist. v. Sabic Innovative Plastics US, LLC* (2017) 14 Cal.App.5th 343, 379-380 & fn. 13.)

## DISPOSITION

The judgment is reversed. On remand, the trial court is directed to vacate its order granting the motion for summary judgment, enter a new order denying the motion for summary judgment, and conduct further proceedings consistent with this opinion. Andrews is entitled to her costs on appeal.

GUERRERO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.

13