Filed 8/28/24  Martin v. Paradise Unified School District CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| WILLIAM MARTIN et al., | C099270 |
| Plaintiffs and Appellants, | (Super. Ct. No. 21CV01904) |
| v. | |
| PARADISE UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

The Government Claims Act (Gov. Code, § 810 et seq.)[1] generally requires the timely presentation of a claim to a public entity before an action for money or damages may be filed against that entity.  At issue in this appeal is whether a June 14, 2021, letter (the Letter or Letter) from an attorney for William and Ann Martin (collectively, plaintiffs) to several recipients, including the superintendent of defendant Paradise

---

[1]     Undesignated section references are to the Government Code.

1

Unified School District (the District), a public entity, satisfied the claim presentation requirement. In granting the District summary adjudication and dismissing plaintiffs' third cause of action, the only claim at issue here, the trial court concluded that plaintiffs failed to provide sufficient evidence to establish that the Letter satisfied the claim presentation requirement because it was not intended to function as a government claim and did not substantially comply with the statutory requirements for such a claim.

On appeal, plaintiffs assert that: (1) the trial court improperly considered their subjective intent in submitting the Letter, which is not relevant to whether they satisfied the claim presentation requirement; (2) the Letter constituted a " 'claim as presented,' " a contention the trial court failed to consider, instead applying only the substantial compliance standard; (3) by failing, as required, to alert plaintiffs to any insufficiencies in their " claim as presented, " the District waived its right to assert such insufficiencies as a defense; and (4) even if substantial compliance is the proper standard, their claim substantially complied with the statutory requirements.

We agree that plaintiffs' subjective intent was irrelevant, the Letter constituted a "claim as presented," and that the District waived its right to assert any insufficiencies in the claim as a defense. Consequently, we need not reach plaintiffs' fourth contention of error. We will reverse that portion of the judgment that was in favor of the District on the third cause of action, deny the District's motion for summary judgment or summary adjudication on the third cause of action, and remand for further proceedings consistent with this opinion.

BACKGROUND

*Factual Background, Office for Civil Rights Review, and Settlement Negotiations*

According to plaintiffs' complaint, their son was a student at Paradise High School during the 2016-2017 academic year. He suffered from Crohn's disease which, according to plaintiffs, qualified him as a person with a disability under section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) (section 504) and Title II of the Americans

with Disabilities Act of 1990 (42 U.S.C. § 12101, et seq.). In light of his disability, the District was required under federal law to draft and implement a " 'Section 504 Plan' " to provide plaintiffs' son with reasonable accommodations to afford him a "free, appropriate public education" equal to that of his peers. Plaintiffs claimed the District failed to meet this obligation by failing to provide appropriate accommodations, failing to conduct timely "Section 504 meetings," failing to implement the "Section 504 Plan," discriminating against him, and treating him with hostility. According to plaintiffs, when they realized the District was ignoring its obligations and was unwilling to support their son as required, they withdrew him from Paradise High School and enrolled him elsewhere.

In June 2017, plaintiffs filed a complaint with the United States Department of Education, Office for Civil Rights (Office for Civil Rights). The Office for Civil Rights issued its findings, which we need not detail here, on September 9, 2019. Plaintiffs appealed from that determination, and on November 22, 2019, the Office for Civil Rights notified plaintiffs that the issues raised in their appeal did not warrant a change in its determination, and therefore their appeal was denied.

Between October 2019 and June 2020, plaintiffs and the District engaged in settlement and resolution discussions. Shortly thereafter, plaintiffs submitted separate government claim forms, all dated December 14, 2020, to nonparties Butte County, the Town of Paradise, and the Butte County Office of Education. Plaintiffs did not, however, submit a claim form to the District.

In a June 5, 2020, letter sent via email to the District, plaintiffs reiterated that they remained open to a reasonable and fair settlement. However, they noted that the District "seem[ed] unwilling to negotiate a realistic settlement," and further stated that their "next step [was] to seek remedy in a court of law."

3

*The Letter and the District's Response*

A little more than a year later, on June 14, 2021, an attorney for plaintiffs sent the Letter to the superintendent of the District, as well as to Butte County, the Butte County Office of Education, and the Town of Paradise. Although it was not a claim form like those previously submitted to the nonparty entities in December 2020, plaintiffs contend the Letter effectively presented their government claim to the District.

The subject line of the Letter recited plaintiffs' son's name and read: "Confidential—For Settlement Purposes Only (Evidence Code sections 1151—1152; Federal Rule of Evidence section 408)." (Bold typeface and underlining omitted.) The Letter stated that it "serve[d] as a formal demand" that the District, among others, "compensate [plaintiffs] for . . . [the District's] . . . failure to provide [plaintiffs' son] with a free, appropriate public education . . . during his tenure at [Paradise High School]." It also stated that plaintiffs "hope to resolve this matter without the need for judicial intervention," and welcomed additional settlement discussions. Plaintiffs also tendered a dollar amount for which they would agree to settle the matter and release all claims. The Letter also made clear, however, that plaintiffs had authorized their attorneys to file suit. The Letter closed with a request for a response no later than June 30, 2021, stating that, absent indications that the recipients were willing to resolve their claims, plaintiffs would "have no choice but to file suit no later than July 15, 2021."

Accompanying the Letter was a draft complaint. Among other things, the draft complaint addressed the government claim forms that had been submitted to the nonparty entities in December 2020, stating that plaintiffs "timely submitted claims pursuant to the Government Tort Claims Act . . . on or about December 14, 2020. On or about December 18, 2020, . . . Butte County denied each of Plaintiffs' claims. On or about December 22, 2020, . . . [Butte County Office of Education] denied each of Plaintiffs' claims. On or around January 29, 2021, . . . Town of Paradise denied each of Plaintiffs' claims."

4

On June 30, 2021, an attorney for the District sent an email to plaintiffs' attorney stating:  "Our office has carefully reviewed your letter and attachments and consulted with the District regarding this matter.  [¶]  The District declines your settlement demand and does not have a counteroffer."

*Plaintiffs' Complaint and First Amended Complaint*

Plaintiffs filed a complaint against the District on July 28, 2021, asserting three causes of action.  As noted, only the complaint's third cause of action, to recover damages for negligent infliction of emotional distress, is at issue here.  In their complaint, plaintiffs alleged that, on the advice of an agent for the District, on December 14, 2020, they submitted government claims against the District through the Town of Paradise, Butte County, and the Butte County Office of Education.  After those entities rejected plaintiffs' demand, plaintiffs submitted a claim directly to the District on June 14, 2021.

Plaintiffs filed a first amended complaint on August 18, 2021.  They subsequently amended that pleading to strike representations concerning the submission of government claims against the District through the Town of Paradise and Butte County.  The operative first amended complaint, as amended, now alleged that after Butte County and the Butte County Office of Education rejected their government claims, plaintiffs submitted a claim to the District on June 14, 2021.

*The District's Motion for Summary Judgment or Summary Adjudication*

The District moved for summary judgment or, in the alternative, summary adjudication.  As to the third cause of action, it asserted that no government claim was ever submitted, any alleged claim was untimely, and the complaint was filed before the District acted on the alleged claim.

In its memorandum in support of the motion, the District asserted plaintiffs' Letter was not a government claim because it failed to address three of six statutory requirements, and thus did not substantially comply with the statute.  Moreover, the District asserted the Letter was sent as one in a series of settlement letters exchanged by

5

the parties and "was never intended to be a government claim and was not treated as one by anyone until months after the fact."

Next, the District asserted the Letter was untimely as a government claim. According to the District, while the time in which to submit a claim was tolled during the review of plaintiffs' complaint in the Office for Civil Rights, that agency issued its final determination on November 22, 2019. However, plaintiffs did not send the Letter for another 19 months, well beyond the six months within which a claim must be submitted and the one-year time within which a claimant may seek leave to file a late claim. The District contended that the limitations period was not tolled during settlement and resolution negotiations.

Lastly, the District asserted that, even if the Letter constituted a government claim, plaintiffs filed their complaint prematurely. Generally, a government entity has 45 days to consider a claim. (§ 912.4, subd. (a).) The Letter purported to give the District only 16 days to respond. Furthermore, plaintiffs filed their complaint on July 28, 2021, 44 days after the date of the Letter, one day less than statutorily mandated. The District also argued that its board never acted on the Letter because it did not deem it a claim.

*Plaintiffs' Opposition*

In opposition to the District's motion, plaintiffs argued that the Letter constituted a " 'claim as presented' " as that term is explained in *Phillips v. Desert Hospital Dist.* (1989) 49 Cal.3d 699 (*Phillips*). According to plaintiffs, when "a public entity receives a document that alerts it to the existence of a claim for monetary damages which, if unresolved, will lead to litigation, but fails to satisfy the claims presentation requirements of Section 910, the entity has received a 'claim as presented,' triggering the entity's obligations under Section 910.8."[2] Plaintiffs also argued that the relevant inquiry is not

_____

[2]     Section 910.8 provides: "If, in the opinion of the board or the person designated by it, a claim as presented fails to comply substantially with the requirements of Sections

into the claimant's subjective intent and whether the claimant *intended* to file a government claim, but rather whether notice to the public entity establishes that the claimant was asserting a claim and that a failure to settle the dispute would lead to litigation. Plaintiffs asserted that the District waived any defenses based on insufficiencies or untimeliness of their "claim as presented" by failing to provide them with notice of such defects or untimeliness as required. (See § 911.) Finally, plaintiffs argued that their complaint was not filed prematurely because the District had acted on their claim by clearly rejecting it.

*The Trial Court's Ruling and Judgment*

In its ruling after oral argument, the trial court concluded that plaintiffs failed to produce evidence sufficient to demonstrate that the Letter satisfied the government claim presentation requirement. The court explained: "The June 14, 2021 letter was on counsel's letterhead, sent jointly to [the District], the Butte County Office of Education, the County of Butte, and the Town of Paradise. The 'regarding line' states '[plaintiffs' son's name]—Confidential—For Settlement Purposes Only (Evidence Code section 115l—1151; Federal Rules of Evidence section 408).' After setting out its argument for liability and damages, the letter makes a demand and wants a response 'no later than June 30, 2021,' which the Court notes is well short of the required 45-day deadline by which a public entity is entitled for review and response to a government claim. [Citation.] . . . [T]he Court finds that the June l4, 2021 letter was not intended to be a government claim, nor does it substantially comply with the requirements of such a claim for purposes of the Government Claims Act." Without addressing plaintiffs' contention that

910 and 910.2, or with the requirements of a form provided under Section 910.4 if a claim is presented pursuant thereto, the board or the person may, at any time within 20 days after the claim is presented, give written notice of its insufficiency, stating with particularity the defects or omissions therein. The notice shall be given in the manner prescribed by Section 915.4. The board may not take action on the claim for a period of 15 days after the notice is given."

the Letter constituted a "claim as presented," the trial court then granted the District's motion for summary adjudication on the third cause of action. The court later entered judgment in favor of the District and awarded it costs in an amount to be determined, with interest.

## DISCUSSION

### I

### *Legal Standards*

A defendant is entitled to summary adjudication if the defendant establishes a complete defense to a cause of action or shows that one or more elements cannot be established. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.) On appeal from an order granting summary adjudication, "we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtel National*, *Inc.* (2000) 24 Cal.4th 317, 334.) " 'We liberally construe the evidence in support of the party opposing summary judgment [or summary adjudication] and resolve doubts concerning the evidence in favor of that party.' " (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1249-1250.) "Under California's traditional rules, we determine . . . whether the defendant seeking summary judgment [or summary adjudication] has conclusively negated a necessary element of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial, such that the defendant is entitled to judgment as a matter of law." (*Guz v. Bechtel National*, *Inc., supra*, at p. 334.)

### II

### *The Government Claims Act*

"Suits for money or damages filed against a public entity are regulated by statutes contained in division 3.6 of the Government Code, commonly referred to as the

Government Claims Act."[3]  (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 989.)  "Section 905 requires the presentation of 'all claims for money or damages against local public entities,' " subject to exceptions not relevant here.  (*City of Stockton v. Superior Court of Sacramento County* (2007) 42 Cal.4th 730, 737.)  Generally, before a complaint for money or damages may be filed against a public entity on a cause of action relating to personal injuries, the plaintiff must present it with a written claim, which must be acted on or deemed to have been rejected by the public entity in accordance with the act.  (§ 945.4.)  "Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within a year."  (*City of Stockton v. Superior Court of Sacramento County, supra*, at p. 738; see § 911.2, subd. (a).)  " '[U]nder these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.' "  (*City of Stockton*, at p. 738.)

"Even if the public entity has actual knowledge of facts that might support a claim, the claims statutes still must be satisfied.  [Citation.]  'The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail.' "  (*DiCampli-Mintz v. County of Santa Clara, supra*, 55 Cal.4th at p. 990, italics omitted.)  The " 'purpose of the claims statutes is not to prevent surprise, but "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." ' "  (*Id*. at p. 991.)

---

[3]  Some case law refers to the Government Claims Act by its prior appellation, the "Tort Claims Act."  (*Leon v. County of Riverside* (2023) 14 Cal.5th 910, 917-918.)

9

## III

### *Intent of the Claimant*

Before considering whether the Letter constituted a "claim as presented," we address whether the subjective intent of the claimant in submitting documentation to the public entity is relevant to our inquiry. Plaintiffs assert that the trial court erred in requiring them to show that they intended the Letter to be a government claim. According to plaintiffs, the California Supreme Court has made clear that whether a claimant had the subjective intent that a notice serve as a government claim is irrelevant in determining whether a letter is a "claim as presented." The District does not address this issue in its responding brief. We agree with plaintiffs' interpretation.

In *Phillips*, *supra*, 49 Cal.3d 699, our Supreme Court addressed a hospital district's contention that the plaintiffs could not have intended the notice they provided to the hospital under Code of Civil Procedure section 364 "to function as a claim for purposes of the [Government Claims Act] because, by [the] plaintiffs' own admission, they were not aware of the hospital's status as a public entity." (*Phillips, supra*, at p. 709.) The Supreme Court concluded: "The hospital fails to explain, however, why or how a claimant's intent, even if ascertainable, is relevant to the notice and defense-waiver provisions of the [Government Claims Act]. Implementation of the purposes of the claim presentation requirements—to require public entities to manage and control claims and to encourage timely investigation and settlement to avoid needless litigation—depends not on a claimant's state of mind but rather on the information imparted to the public entity. Thus, the relevant inquiry is not into plaintiffs' subjective intent but whether their . . . notice disclosed to the hospital that they had a claim against it which, if not satisfactorily resolved, would result in their filing a lawsuit." (*Id*. at pp. 709-710.)

Approximately five years after the Supreme Court decided *Phillips*, the Court of Appeal for the Fourth Appellate District, Division Two, decided *Schaefer Dixon Associates v. Santa Ana Watershed Project Authority* (1996) 48 Cal.App.4th 524

(*Schaefer Dixon*), on which the District relies.  In that case, the Court of Appeal concluded that a letter sent by the plaintiff was not a claim within the meaning of the Government Claims Act.  (*Schaefer Dixon, supra*, at p. 533.)  The court rejected the contention that the letter served as a government claim, or substantially complied with the claim requirements, "for the simple reason that the . . . letter was never intended and never treated as the functional equivalent of a formal claim."  (*Ibid*.)  The court further stated, "[a]lthough the intended purpose of the . . . letter here was to advise of a monetary dispute, the plain import of the letter was merely to provide information and to request negotiation of an ongoing dispute, and not to advise of imminent litigation over a 'claim.' "  (*Id*. at p. 534.)  Additionally, the court relied on the fact that the letter was not "treated" like a claim in subsequent communications.  (*Ibid*.; *id*. at p. 537.)

The court in *Schaefer Dixon* acknowledged *Phillips*, but distinguished it on its facts:  "The [plaintiff] argues, in reliance on *Phillips*, that the subjective intent of the letter writer was irrelevant to a letter's status as a 'claim as presented.'  Although *Phillips* does so state, it does so in different circumstances.  The notice received by the hospital district in *Phillips* was itself a notice of impending litigation.  Here, the functions to be served by making a claim—including making the public entity aware of a matter requiring its action under the Tort Claims Act—were not served.  The November 15 letter was not 'readily discernible' as a 'claim' at all, requiring action by the agency under the Tort Claims Act.  The correspondence of March 9 and March 26, 1992, demanded responses in derogation of the statutory claims procedures.  If the [plaintiff] itself never recognized any of its letters as a 'claim,' it cannot expect the agency to have done so." (*Schaefer Dixon*, *supra*, 48 Cal.App.4th at p. 537.)

Approximately two years later, in *Alliance Financial v. City and County of San Francisco* (1998) 64 Cal.App.4th 635 (*Alliance Financial*), the Court of Appeal for the First Appellate District, Division One, observed that its conclusion that a letter sent to the public entity in that case was a " 'claim as presented' " was "at odds with the decision" in

11

*Schaefer Dixon*.  (*Id*. at p. 649.)  In distinguishing *Schaefer Dixon*, the Court of Appeal first discussed the parties' treatment of the letter at issue there, before noting that "the *Phillips* court expressly found it irrelevant that the claimant or attorney did or did not intend the letter or notice to be a claim.  What *is* relevant is that the letter or notice put the public entity on notice of the assertion of a compensable claim and that the claimant intends to pursue the matter by means of litigation if necessary."  (*Id*. at p. 650.)

The *Alliance Financial* court discussed the concern raised in *Schaefer Dixon* that it could be difficult for public entities to discern between settlement correspondence and a government claim:  "The *Schaefer* court . . . also was concerned that where . . . there is an ongoing correspondence between the claimant and the public entity, the public entity would be required to determine which among the various letters is the true claim or claim as presented.  The *Schaefer* court held:  'It is entirely unworkable to expect the public entity to discern that this letter, unlike the others, was to be treated as a "claim," particularly in view of the fact that the contractor itself never treated any of its letters as if [it] were a claim.' "  (*Alliance Financial, supra*, 64 Cal.App.4th at p. 650, quoting *Schaefer Dixon, supra*, 48 Cal.App.4th at p. 536.)  The *Alliance Financial* court concluded that, despite these concerns, if "any letter sent by the claimant or its attorney gives the public entity notice of a compensable claim and an intent to litigate, the entity has received the necessary information."  (*Alliance Financial, supra*, at p. 650; see *Phillips, supra*, 49 Cal.3d at p. 710.)

We agree with *Schaefer Dixon* that a "purported 'claim' must be readily identifiable as such."  (*Schaefer Dixon, supra*, 48 Cal.App.4th at p. 533.)  A letter that merely provided information and requested negotiation in the context of an ongoing dispute, rather than "advis[ing] of imminent litigation over a 'claim' " would be inadequate and ineffective as a government claim.  (*Id*. at p. 534.)  Independent of notions of the claimant's subjective intent, we consider these correct statements inasmuch as they indicate the government claim must communicate the information required by the

Government Claims Act, or, alternatively, that the communication must substantially comply with those requirements or constitute a "claim as presented." As stated, the relevant inquiry into whether a communication constitutes a " 'claim as presented' " is whether the claimant's notice disclosed to the public entity that the claimant "had a claim against it which, if not satisfactorily resolved, would result in their filing a lawsuit." (*Phillips, supra*, 49 Cal.3d at pp. 709-710.)

Our Supreme Court has made clear that the subjective intent of the claimant is not relevant in determining whether the claimant has submitted a " 'claim as presented.' " (*Phillips*, *supra*, 49 Cal.3d at pp. 709-710; accord, *Alliance Financial, supra*, 64 Cal.App.4th at pp. 649-650.) A claim will be "readily identifiable as such" (*Schaefer Dixon, supra*, 48 Cal.App.4th at p. 533) if it contains the required information. The trial court's reliance on plaintiffs' subjective intent in sending the Letter was therefore misplaced.

IV

*"Claim as Presented"*

Plaintiffs argue the trial court erred in failing to consider whether the Letter was a "claim as presented" within the meaning of section 910.8 and *Phillips*, instead focusing only on the substantial compliance standard. The District responded that the Letter did not put it on notice that plaintiffs were attempting to file a valid claim. We conclude the Letter constituted a "claim as presented."

Section 910 outlines the necessary content of a government claim, including the identity and contact information for the claimant; the circumstances concerning the occurrence or transaction on which the claim is based; a description of the damage or loss; the identity of the employees causing the injury, damage or loss if known; and the amount claimed if less than $10,000 and, if not, whether it would be a limited civil case. (§ 910, subds. (a)-(f).) Because the purpose of the claim requirement " 'is "to provide the public entity sufficient information to enable it to adequately investigate claims and to

13

settle them, if appropriate, without the expense of litigation[,]" . . . a claim need not contain the detail and specificity required of a pleading, but need only "fairly describe what [the] entity is alleged to have done." ' " (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 37-38.) "Where a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim 'if it substantially complies with all of the statutory requirements . . . even though it is technically deficient in one or more particulars.' " (*Id.* at p. 38; see also *Ardon v. City of Los Angeles* (2011) 52 Cal.4th 241, 247 [setting forth a two-part test for determining whether a claim substantially complies with the Government Claims Act].)

Distinct from a claim that substantially complies with the statutory requirements, a " ' "claim as presented" is a claim that is defective in that it fails to comply substantially with . . . sections 910 and 910.2, but nonetheless puts the public entity on notice that the claimant is attempting to file a valid claim and that litigation will result if it is not paid or otherwise resolved.' " (*Westcon Construction Corp. v. County of Sacramento* (2007) 152 Cal.App.4th 183, 202 (*Westcon*), quoting *Alliance Financial, supra*, 64 Cal.App.4th at p. 643; accord, *Phillips*, *supra*, 49 Cal.3d at p. 709.) " 'A document will be deemed a "claim as presented" "if it discloses the existence of a 'claim' which, if not satisfactorily resolved, will result in a lawsuit against the entity. [Citation.] A public entity's receipt of written notice that a claim for monetary damages exists and that litigation may ensue places upon the public entity the responsibility, and gives it the opportunity, to notify the potential plaintiff pursuant to . . . sections 910.8 and 911 of the defects that render the document insufficient under . . . sections 910 and 910.2 and thus might hamper investigation and possible settlement of the claim." ' " (*Westcon, supra*, at p. 202, quoting *Alliance Financial, supra*, at pp. 643-644; accord, *Phillips, supra*, at p. 709.) "An indication that litigation might ensue if the defendant does not comply with the terms under discussion is 'the most essential element of a "claim as presented," because it

14

satisfies the primary purposes of the Government Claims Act: facilitating the investigation of disputes and their settlement without trial if appropriate.' " (*A.S. v. Palmdale School Dist.* (2023) 94 Cal.App.5th 1091, 1099)

Although plaintiffs raised their contention that the Letter was a "claim as presented" in opposition to the District's summary adjudication motion, the trial court did not address this issue. Instead, it addressed only whether the Letter was *intended* to serve as a government claim and whether it *substantially complied* with the statutory requirements.

The Letter does indeed disclose the existence of a claim, among other things for failure to provide plaintiffs' son with a free, appropriate public education during his time at Paradise High School. The Letter detailed the relevant history, including the District's alleged shortcomings, a review of plaintiffs' complaint to the Office for Civil Rights, plaintiffs' efforts at negotiations with the District, and continuing damages. The Letter stated that if the District did not compensate plaintiffs "for its indisputable violation of [plaintiffs'] rights under governing federal law, [plaintiffs] will have no choice but to commence a civil suit against" the District. The Letter made a specific offer to resolve the dispute and execute a release in exchange for a specified dollar amount. Thus, plaintiffs asserted injury and sought damages; this was a "claim[] for money or damages." (§ 905.) While expressing hope that the matter could be resolved without litigation, the Letter further stated plaintiffs had authorized their attorneys to file a complaint in court, a draft of which was included with the Letter. The Letter concluded by stating that, absent any indication the District was willing to "move toward a resolution of the [plaintiffs'] claims," plaintiffs' attorneys would "file suit no later than July 15, 2021."

We do not find it difficult to conclude that the Letter " ' "discloses the existence of a 'claim' which, if not satisfactorily resolved, will result in a lawsuit against the entity." ' " (*Westcon, supra*, 152 Cal.App.4th at p. 202, quoting *Alliance Financial,*

*supra*, 64 Cal.App.4th at pp. 643-644; accord, *Phillips, supra*, 49 Cal.3d at p. 709.) Given the information set forth in the Letter, we conclude it constituted a " 'claim as presented' " (*Phillips, supra*, at p. 709) and was "readily identifiable as such." (*Schaefer Dixon, supra*, 48 Cal.App.4th at p. 533.) Unlike the circumstances in *Schaefer Dixon*, the Letter did not merely provide information and request negotiation, but instead, it "advise[d] of imminent litigation over a 'claim.' " (*Id*. at p. 534.) The Letter may not have been a typical government claim, like the forms plaintiffs submitted to other entities. And it was not labeled a government claim. (See *Foster v. McFadden* (1973) 30 Cal.App.3d 943, 947 [letter, which was neither labeled a claim nor contained the word claim, accomplished the purposes of a sufficient claim, and therefore should be treated as a claim].) Nevertheless, the Letter " ' "disclose[d] the existence of a 'claim' which, if not satisfactorily resolved, [would] result in a lawsuit against" ' " the District. (*Westcon, supra*, 152 Cal.App.4th at p. 202, quoting *Alliance Financial, supra*, 64 Cal.App.4th at pp. 643-644; accord, *Phillips, supra*, 49 Cal.3d at p. 709.) According to our Supreme Court, that is what is required to establish a " 'claim as presented.' " (*Phillips, supra*, at p. 709.)

The District asserts that if plaintiffs' Letter was a "claim as presented," the judgment nonetheless must be affirmed because plaintiffs filed their complaint one day before the District's time to act had expired.

The applicable rules provide as follows: "The board shall act on a claim in the manner provided in Section 912.6, 912.7, or 912.8 within 45 days after the claim has been presented." (§ 912.4, subd. (a).) "If the board fails or refuses to act on a claim within the time prescribed by this section, the claim shall be deemed to have been rejected by the board . . . ." (§ 912.4, subd. (c).) "Once a claim is denied or deemed to have been denied, the claimant may then proceed to file a lawsuit." (*Phillips, supra*, 49 Cal.3d at p. 707, citing § 945.4; accord, *Lowry v. Port San Luis Harbor Dist*. (2020) 56 Cal.App.5th 211, 219.)

Plaintiffs filed their action on July 28, 2021. This was 44 days after June 14, 2021, the date of the Letter, one day short of the 45-day time period contemplated in section 912.4, subdivision (a). However, on June 30, 2021, an attorney for the District sent an email to plaintiffs' attorney stating, in pertinent part: "Our office has carefully reviewed your letter and attachments and consulted with the District regarding this matter. [¶] The District declines your settlement demand and does not have a counteroffer."

We are not persuaded by the District's argument that this did not constitute a rejection of plaintiffs' claim. The email unambiguously indicates that the District considered the matter, the District declined plaintiffs' settlement demand, and the District would not tender a counteroffer. We cannot conclude that the mere fact that the email did not expressly state the District was denying plaintiffs' "claim," and did not on its face specifically refer to action taken by the District's "board" (see § 945.4 [no action may be commenced until a written claim has been presented to the public entity "and has been acted upon by the board, or has been deemed to have been rejected by the board"]; see also § 900.2 [in the case of a local public entity, " 'Board' " means "the governing body of the local public entity"]) rendered this communication anything but a clear rejection of plaintiffs' claim.[4]

---

[4] The District asserts that its "Board *never acted* on the subject letter (because it wasn't treated as a claim) . . . ." To the extent the District is arguing that the school board was the entity required to act on plaintiffs' claim under section 945.4, meaning that another entity or person rejected plaintiffs' claim, such a factual claim is not undisputed. Therefore, summary adjudication on the theory that the board did not act and therefore plaintiffs' complaint was premature would be improper. (*Spitler v. Children's Institute International* (1992) 11 Cal.App.4th 432, 439 [summary judgment is appropriate "where the record establishes as a matter of law that no material disputed issue of fact exists"].)

Moreover, assuming it was the entity with the duty to respond to a government claim, the school board could delegate that duty. (Ed. Code, § 35161 ["governing board of any school district may execute any powers delegated by law to it or to the district of

17

In arguing that it did not act on plaintiffs' "claim as presented," the District relies on section 913, which sets forth language that may be included in a written notice where a public entity rejects a claim. However, section 913 merely advises the public entity how it *may* respond to a claim; it does not prohibit claimants from filing a complaint until they receive a denial *in the precise language set forth in that section*. Second, while the warning language of section 913, subdivision (b), advising the claimant of the six months the claimant has to file an action in court and that the claimant may seek the advice of an attorney, is mandatory, the language of section 913, subdivision (a), addressed to the notification that the claim has been rejected is permissive: "The notice may be in substantially the following form . . . ." (§ 913, subd. (a); see *Chalmers v. County of Los Angeles et al.* (1985) 175 Cal.App.3d 461, 465 [discussing the permissive language of § 913, subd. (a) and mandatory language of subd. (b)].) Lastly, we note that, contrary to the District's contention, section 913 does not expressly require that the rejection "have specific language in it stating the claim *has been presented to the board* and it was rejected." (Italics added.) Section 913, subdivision (a) suggests language indicating that the claim *that the claimant presented* to, in this case, the District, on a specified date was rejected on a specified date. The email sent by the District's attorney stating he consulted with the District regarding plaintiffs' claim and the "District declines your settlement

---

which it is the governing board, and shall discharge any duty imposed by law upon it or upon the district of which it is the governing board, *and may delegate to an officer or employee of the district any of those powers or duties*" (italics added)]; § 935.4 ["A charter provision, or a local public entity by ordinance or resolution, may authorize an employee of the local public entity to perform those functions of the governing body of the public entity under this part that are prescribed by the local public entity . . . ."].) The record is silent on this issue.

Thus, the District did not satisfy its burden of establishing, as a matter of law, that plaintiffs' "claim as presented" was not "acted upon by the board" (§ 945.4), and that plaintiffs therefore filed their complaint prematurely.

18

demand and does not have a counteroffer," was unambiguously a rejection of plaintiffs' "claim as presented" such that plaintiffs were free to file a complaint.

The District notes that the draft complaint that accompanied the Letter stated that plaintiffs' already had complied with the Government Claims Act in December 2020. The District argues, pursuant to Evidence Code section 623, that plaintiffs should be estopped from claiming otherwise, presumably from claiming that they complied with the Government Claims Act through the Letter. Because the District did not raise this argument in the trial court, it has forfeited the contention, and we will not consider it for the first time on appeal. (See *Rogers v. County of Los Angeles* (2011) 198 Cal.App.4th 480, 490, fn. 6 [declining to consider equitable estoppel argument raised for the first time on appeal].) Similarly, the District did not raise in the trial court its argument that the judgment should be affirmed based on plaintiffs' alleged failure to comply with section 915 concerning the means of presenting the claim and, accordingly, it has also forfeited that contention. (*Wisner v. Dignity Health* (2022) 85 Cal.App.5th 35, 44 [generally issues not raised in the trial court cannot be raised for the first time on appeal].)

In light of our determination that the Letter constituted a "claim as presented," we need not address plaintiffs' alternative contention that the Letter substantially complied with the statutory requirements.

V

*Waiver of Noncompliance as an Affirmative Defense*

Plaintiffs assert that the District's failure to notify them of any defect or omission in their "claim as presented" resulted in a waiver of any affirmative defense to the insufficiency of plaintiffs' claim based on a defect or omission. According to plaintiffs, under sections 910.8 and 911, the District was required to notify them of such insufficiencies, and, by failing to do so, they waived such objections. The District counters that, because the Letter was not an attempt to file a valid claim, it has not waived noncompliance. We agree with plaintiffs.

19

" 'A "claim as presented" is sometimes called a "trigger-claim" because its receipt by a public entity "triggers a duty by the public entity to notify the potential claimant of the claim's insufficiency stating, with particularity, the defects or omissions." ' " (*A.S. v. Palmdale School Dist., supra*, 94 Cal.App.5th at p. 1099; see § 910.8 [requiring notice of insufficiency of claim]; § 911.3, subd. (a) [notice requirement for claims returned as untimely].)  "[T]he notice and defense-waiver provisions, sections 910.8 and 911, use the phrase 'claim as presented' to identify a 'claim' which is defective due to its failure to comply substantially with sections 910 and 910.2 and . . . it is *only* a 'claim as presented [that] fails to comply substantially' that triggers sections 910.8, 911 and 911.3." (*Phillips, supra*, 49 Cal.3d at p. 707, fn. omitted.)  If the public entity fails to send the notice alerting the claimant, with particularity, to the claim's alleged insufficiencies, the public entity " ' "*waives* any defenses as to the sufficiency of the claim based upon a defect or omission." ' " (*A.S. v. Palmdale School Dist., supra*, at p. 1099; see § 911[5] [waiver by failure to give notice of insufficiency with respect to the defect or omission as provided in § 910.8]; § 911.3, subd. (b)[6] [waiver by failure to give notice of untimeliness].)

---

[5]    Section 911 provides:  "Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to the defect or omission as provided in Section 910.8, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant."

[6]    Section 911.3, subdivision (b) provides:  "Any defense as to the time limit for presenting a claim described in subdivision (a) is waived by failure to give the notice set forth in subdivision (a) within 45 days after the claim is presented, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant."

In part IV, we concluded plaintiffs' Letter constituted a "claim as presented." In response to plaintiffs' Letter, the District responded by email stating, "Our office has carefully reviewed your letter and attachments and consulted with the District regarding this matter. [¶] The District declines your settlement demand and does not have a counteroffer."

The District did not respond to plaintiffs' "claim as presented" with a notice of " ' "the claim's insufficiency stating, with particularity, the defects or omissions," ' " and did not raise untimeliness. (*A.S. v. Palmdale School Dist., supra*, 94 Cal.App.5th at p. 1099; see §§ 910.8, 911.3, subd. (a).) Therefore, the District " ' "*waive*[*d*] any defenses as to the sufficiency of the claim based upon a defect or omission." ' " (*A.S., supra*, at p. 1099; see §§ 911, 911.3, subd. (b).)

There are exceptions in sections 911 and 911.3 which provide that "no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant." (§§ 911, 911.3, subd. (b).) Plaintiffs' Letter provided plaintiffs' attorney's postal address, telephone number, email address, and the law firm's website. In closing, the Letter requested a response by a specified date and stated that plaintiffs' attorneys could be reached at specified cellphone numbers and email addresses. This was sufficient to notify the District of the "address to which the person presenting the claim desires notices to be sent . . . ." (§§ 911, 911.3, subd. (b).)

## DISPOSITION

We reverse those portions of the judgment that were in favor of the District and against plaintiffs on the third cause of action and awarded costs to the District in an amount to be determined insofar as premised on the District prevailing on its motion as to the third cause of action; the District's motion for summary judgment or summary adjudication on the third cause of action is denied, that cause of action is reinstated, and

the matter is remanded for further proceedings consistent with this opinion.  Plaintiffs shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


_____\s\_____ ,
Krause, J.


We concur:


_____\s\_____ ,
Hull, Acting P. J.


_____\s\_____ ,
Feinberg, J.